IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY C. STEPHENS, | : Civil No. 1:19-CV-00102 |
| Plaintiff, | : |
| v. | : |
| | : Judge Jennifer P. Wilson |
| PENNSYLVANIA BOARD OF PROBATION AND PAROLE, *et al.*, | : |
| Defendants. | : Magistrate Judge Joseph F. Saporito, Jr. |

### **MEMORANDUM**

This is a prisoner civil rights case in which Plaintiff Jeffrey C. Stephens ("Stephens"), an inmate confined in SCI Dallas in Dallas, Pennsylvania, alleges that Defendants the Pennsylvania Board of Probation and Parole and the Pennsylvania Department of Corrections have repeatedly denied him parole in a way that violates the Constitution and the Americans with Disabilities Act "(ADA"). The case is presently before the court on Defendants' motion for summary judgment, a report and recommendation issued by United States Magistrate Judge Joseph F. Saporito, Jr., which recommends granting the motion, and Stephens's objections to the report and recommendation. (Docs. 50, 60, 63.)

For the reasons that follow, the court finds that Defendants are entitled to summary judgment as to Stephens's constitutional claims, but that Stephens's request for additional discovery did not receive sufficient consideration prior to the issuance of the report and recommendation. Accordingly, the court will adopt the

1

report and recommendation in part, reject it in part, grant Defendants summary judgment as to the constitutional claims, and recommit the matter to Judge Saporito with instructions to further consider Stephens's request for discovery with regard to the ADA claim.

## BACKGROUND AND PROCEDURAL HISTORY

Stephens initiated this case through the filing of a complaint, which the court received on January 16, 2019. (Doc. 1.) Judge Saporito subsequently granted Stephens leave to file an amended complaint, *see* Doc. 13, and Stephens then filed an amended complaint on April 24, 2019. (Doc. 16.) Defendants moved to dismiss the amended complaint on June 14, 2019, *see* Doc. 24, but Judge Saporito deemed the motion to dismiss withdrawn for Defendants' failure to file a supporting brief on July 16, 2019. (Doc. 29.) Defendants accordingly answered the amended complaint on August 2, 2019. (Doc. 31.)

Following the close of pleading, Stephens filed motions to compel discovery on November 7, 2019, and February 10, 2020. (Docs. 35, 44.) In the latter motion, Stephens asserted that Defendants had not responded to his requests for discovery, which included, among other things, a request for documents pertaining to the decisions to deny his parole. (*See* Doc. 44, pp. 14–15; Doc. 44-1, pp. 9–11.)

While the second motion to compel discovery was pending, Defendants filed the instant motion for summary judgment on May 8, 2020. (Doc. 50.) Judge

Saporito then addressed the pending motion to compel discovery on June 24, 2020. (Doc. 56.) Judge Saporito found that Defendants had failed to respond to Stephens's discovery requests and accordingly ordered them to do so. (*Id.* at 3–4.) Judge Saporito further ordered that if Stephens found "the defendants' responses to be evasive or incomplete" he could "bring another motion to compel pursuant to Rule 37(a) of the Rules of Civil Procedure." (*Id.* at 4.) Given that ruling, Judge Saporito sua sponte extended the deadline for Stephens to file a brief in opposition to the motion for summary judgment. (*Id.* at 6.)

Stephens filed a brief opposing the summary judgment motion on August 24, 2020. (Doc. 57.) In his brief, Stephens asserted that he could not adequately respond to Defendants' summary judgment arguments because he had not received "discovery of the facts relied upon by Defendants to deny parole." (*Id.* at 2.) Defendants did not file a reply brief to respond to this argument.

Judge Saporito issued the instant report and recommendation on January 6, 2021. (Doc. 60.) Judge Saporito first concludes that Defendants are entitled to summary judgment as to Stephens's constitutional claims because neither defendant qualifies as a person that is amenable to suit under 42 U.S.C. § 1983. (*Id.* at 9–11.) Judge Saporito then concludes that Defendants are entitled to summary judgment as to Stephens's ADA claim. (*Id.* at 11–13.) Judge Saporito acknowledges that denial of parole based on substance abuse and post-traumatic

stress disorder as alleged by Stephens "might . . . violate the ADA in some cases," but finds that Defendants are entitled to summary judgment because Stephens "has failed to adduce any evidence whatsoever to support such a claim." (*Id.* at 12.) Judge Saporito does not address Stephens's argument that he has not received sufficient discovery to respond to Defendants' summary judgment motion.

The court granted Stephens an extension of time in which to file objections on January 22, 2021, and Stephens timely did so on February 23, 2021. (Docs. 62–63.) In his objections, Stephens reiterates his argument that he cannot adequately respond to Defendants' summary judgment arguments because he has not received discovery from Defendants. (*Id.* at 10.) Defendants have not filed a brief in opposition to Stephens's objections, and the deadline for doing so has expired. Accordingly, the report and recommendation and Stephens's objections are ripe for the court's disposition.

## JURISDICTION

This court has jurisdiction under 28 U.S.C. § 1331, which allows a district court to exercise subject matter jurisdiction in civil cases arising under the Constitution, laws, or treaties of the United States.

## STANDARD OF REVIEW

When a party objects to a magistrate judge's report and recommendation, the district court is required to conduct a de novo review of the contested portions of

the report and recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). The district court may accept, reject, or modify the magistrate judge's report and recommendation in whole or in part. 28 U.S.C. § 636(b)(1). The district court may also receive further evidence or recommit the matter to the magistrate judge with further instructions. *Id.* "Although the standard is de novo, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper." *Weidman v. Colvin*, 164 F. Supp. 3d 650, 653 (M.D. Pa. 2015) (citing *Rieder v. Apfel*, 115 F. Supp. 2d 496, 499 (M.D. Pa. 2000)).

De novo review of a report and recommendation is not required for those portions of a report and recommendation to which no objections have been raised. *Univac Dental Co. v. Dentsply Int'l, Inc.*, 702 F. Supp. 2d 465, 469 (M.D. Pa. 2010) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). Instead, the court is only required to "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.* (quoting Fed. R. Civ. P. 72 advisory committee's note to 1983 addition).

A court may grant a motion for summary judgment when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute of fact is material if resolution of

5

the dispute "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is not precluded by "[f]actual disputes that are irrelevant or unnecessary." *Id.* "'A dispute is genuine if a reasonable trier-of-fact could find in favor of the nonmovant' and 'material if it could affect the outcome of the case.'" *Thomas v. Tice*, 943 F.3d 145, 149 (3d Cir. 2019) (quoting *Lichtenstein v. Univ. of Pittsburgh Med. Ctr.*, 691 F.3d 294, 300 (3d Cir. 2012)).

In reviewing a motion for summary judgment, the court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 288 (3d Cir. 2018) (citing *Scheidemantle v. Slippery Rock Univ. State Sys. of Higher Educ.*, 470 F.3d 535, 538 (3d Cir. 2006)). The court may not "weigh the evidence" or "determine the truth of the matter." *Anderson*, 477 U.S. at 249. Instead, the court's role in reviewing the facts of the case is "to determine whether there is a genuine issue for trial." *Id.* The court is additionally required to liberally construe any filings by an unrepresented litigant. *Sause v. Bauer*, 585 U.S. __, 138 S. Ct. 2561, 2563 (2018).

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions

on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).  The non-moving party must then oppose the motion, and in doing so "'may not rest upon the mere allegations or denials of [its] pleadings' but instead, 'must set forth specific facts showing that there is a genuine issue for trial.  Bare assertions, conclusory allegations, or suspicions will not suffice.'" *Jutrowski*, 904 F.3d at 288–89 (quoting *D.E. v. Cent. Dauphin Sch. Dist.*, 765 F.3d 260, 268–69 (3d Cir. 2014)).

Summary judgment is appropriate where the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.  "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## DISCUSSION

At the outset, the court will address the portion of the report and recommendation recommending that the court grant summary judgment as to

Stephens's constitutional claims because neither defendant qualifies as a person that is amenable to suit under 42 U.S.C. § 1983. (*See* Doc. 60 at 9–11.) Because neither party has objected to that portion of the report and recommendation, the court reviews it only for clear error. *See Univac Dental v.*, 702 F. Supp. 2d at 469. Having conducted such a review, the court finds no clear error on the face of the record and adopts that portion of the report and recommendation. Defendants will accordingly be granted summary judgment as to Stephens's constitutional claims.

Having resolved the constitutional claims, the court turns its attention to Stephens's argument that he has not received sufficient discovery. Because any additional discovery would not alter the fact that Defendants are not amenable to suit under § 1983, the court considers Stephens's discovery argument only with respect to his ADA claim.

When a party opposing a motion for summary judgment shows that it "cannot present facts essential to justify its opposition," the court may allow the parties additional time for discovery. Fed. R. Civ. P. 56(d). "If discovery is incomplete, a district court is rarely justified in granting summary judgment, unless the discovery request pertains to facts that are not material to the moving party's entitlement to judgment as a matter of law." *In re Avandia Mktg., Sales & Prods. Liab. Litig.*, 945 F.3d 749, 761 (3d Cir. 2019) (quoting *Shelton v. Bledsoe*, 775 F.3d 554, 568 (3d Cir. 2015)).

To properly request additional discovery for purposes of opposing summary judgment, a party must "indicate to the district court its need for discovery, what material facts it hopes to uncover and why it has not previously discovered the information." *Radich v. Goode*, 886 F.2d 1391, 1393–94 (3d Cir. 1989) (citing *Hancock Indus. v. Schaeffer*, 811 F.2d 225 (3d Cir. 1987)). A properly filed request for additional discovery under Rule 56(d) is generally granted "as a matter of course." *Avandia*, 945 F.3d at 761 (quoting *Shelton*, 775 F.3d at 468). A request for additional discovery does not need to be made through a formal motion and can instead be raised through the brief opposing summary judgment. *Shelton*, 775 F.3d at 567–68. The decision of whether to permit additional discovery is left to the discretion of the district court. *Woloszyn v. Cty. of Lawrence*, 396 F.3d 314, 324 n.6 (3d Cir. 2005) (citing *Bradley v. United States*, 299 F.3d 197, 206 (3d Cir. 2002)).

In this case, Stephens has repeatedly argued that Defendants have not adequately responded to his requests for discovery, and he has made that argument in both his brief opposing the motion for summary judgment and his objections to the report and recommendation. (*See* Docs. 57, 63; *see also* Docs. 35, 44.) Judge Saporito considered this argument in resolving Stephens's most recent motion to compel discovery, but did not consider the argument when Stephens raised it in opposition to Defendants' motion for summary judgment.

Stephens's argument that he has not received sufficient discovery to respond to Defendants' summary judgment motion was a procedurally proper way to request additional discovery. Although Judge Saporito's order granting Stephens's motion to compel discovery specified that Stephens could file an additional motion to compel discovery under Federal Rule of Civil Procedure 37(a) if the Defendants continued to not respond to his discovery requests, *see* Doc. 56, p. 4, the order did not state that a motion to compel discovery was the *only* way that Stephens could request additional discovery. (*See id.* ("If the plaintiff finds the defendants' responses to be evasive or incomplete, he *may* bring another motion to compel pursuant to Rule 37(a) of the Rules of Civil Procedure." (emphasis added)).) The order therefore did not foreclose Stephens from seeking discovery through other methods, such as a request for additional discovery under Rule 56(d).

Stephens has not taken all the steps he must take in order to properly request discovery under Rule 56(d). Specifically, he has not stated which material facts he hopes to uncover and why he has not previously discovered that information. *See Radich*, 886 F.2d at 1393–94. Nevertheless, the court is reluctant to consider whether Defendants are entitled to summary judgment as to Stephens's ADA claim without consideration of Stephens's request for additional discovery because Stephens's request repeats arguments he has made throughout this litigation, and

the court must liberally construe Stephens's arguments because he is proceeding as an unrepresented litigant.  *See Sause*, 138 S. Ct. at 2563.

The court is especially reluctant to proceed given that the report and recommendation relies in part on the fact that Stephens has not adduced any evidence to support his ADA claim.  (*See* Doc. 60, p. 12.)  Stephens has repeatedly asserted that Defendants have not responded to his discovery requests, and it would accordingly be unjust to grant Defendants summary judgment based on a lack of evidence to support Stephens's ADA claim without first considering whether Stephens has received adequate responses to his discovery requests.

The court further finds that Judge Saporito is in the best position to address Stephens's request for additional discovery because Judge Saporito has been assigned to this case for all pretrial management and has resolved Stephens's previous motions to compel discovery.  The court will therefore recommit the matter to Judge Saporito for further consideration of Stephens's request for additional discovery as to his ADA claim.

## Conclusion

For the foregoing reasons, the report and recommendation is adopted in part and rejected in part and this case is recommitted to Judge Saporito for further

consideration of Stephens's request for additional discovery. An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: March 23, 2021